Dear Mr. Grindle:
You have asked this office to advise you by what authority Dr. Louis Cataldie holds the office of state medical examiner. We first refer you to the provisions of R.S. 26:769(D), which authorizes the office of public health to exercise control over the disposal of human remains during a public health emergency. This provision states:
 D. Safe disposal of human remains. The office of public health may, for such period as the state of public health emergency exists, exercise control over the disposal of human remains, as provided for in regulations promulgated in accordance with R.S. 49:950 et seq.
By Executive Order No. KBB 2005-39, signed by the Governor on September 19, 2005 and acting under the authority of Louisiana Homeland Security and Emergency Assistance and Disaster Act, R.S.29:724, et seq., the Governor authorized the Secretary of the Department of Health and Hospitals to appoint an Office of Public Health, State Medical Examiner. The executive order provides, in pertinent part:
NOW THEREFORE I, KATHLEEN BABINEAUX BLANCO, Governor of the
 state of Louisiana, by virtue of the authority vested by the
 Constitution and laws of the state of Louisiana, do hereby
 order and direct as follows:
SECTION 1: Pursuant to Louisiana Homeland Security and Emergency
 Assistance and Disaster Act, R.S. 29:724, et seq., and more
 specifically R.S. 29:769(D), a state of public health
 emergency is hereby declared for the purpose of the control
 and disposition of human remains.
SECTION 2: The secretary of the Department of Health and Hospitals is hereby
 authorized to appoint an Office of Public Health, State
 Medical Examiner to exercise control over the disposal of
 human remains of individuals who died in or as a result of
 Hurricane Katrina and its aftermath.
 *Page 2 
SECTION 3: Such appointee is authorized and empowered to set up, operate,
 and control a regional morgue and autopsy facility (DMORT)
 in St. Gabriel, Louisiana to receive, identify, and process
 human remains of those who died in or as a result of
 Hurricane Katrina collected from the parishes affected by
 Hurricane Katrina, and throughout the state, for coroners
 who are unable or unwilling to handle the remains
 themselves, including but not limited to the parishes or
 Jefferson Orleans, Plaquemines, St. Bernard, St. Charles,
 St. John the Baptist, St. Tammany, and Washington. Such
 appointee shall coordinate and cooperate with the coroners
 of the above parishes in the recovery, retrieval, identification,
 interment or cremation of hurricane related remains.
SECTION 4: Such appointee is authorized and empowered to order and obtain
 medical records, including hospital, nursing home,
 physicians, dental and other useful medical records of
 possible hurricane decedents to aid in their identification and
 in order to establish their cause of death.
SECTION 5: Such appointee is hereby authorized to sign death certificates,
 burial permits, and cremation permits for human remains
 whose death is related to Hurricane Katrina and its aftermath
 when the jurisdictional coroner is unidentified, unavailable,
 unable or unwilling to sign.
SECTION 6: This Order is effective upon signature and shall be applicable from
 Monday, September 12, 2005, until such time as amended,
 modified, terminated, or rescinded by the governor, or
 terminated by operation of law.

We enclose a copy of the entire executive order, along with a letter of advice released by this office to the Louisiana Department of Health and Hospitals which provides further information regarding the authority of the State Medical Examiner. Your other concerns are policy-related and should be directed to your state legislator.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _______________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 November 1, 2005 LETTER OF ADVICE
Ms. Donna Adorno, Esq. Deputy General Counsel Louisiana Department of Health and Hospitals P.O. Box 3836 Baton Rouge, LA 70821
Dear Ms. Adorno:
You have requested the Attorney General's advice as to who has the authority or responsibility to make the final disposition of unidentified and identified but unclaimed bodies currently held at the St. Gabriel morgue site. Specifically, you ask whether the State Medical Examiner, appointed by the Office of Public Health, pursuant to Executive Order No. KBB 2005-29, has the authority to exercise control over the disposal of remains of individuals who died in or as a result of Hurricane Katrina and its aftermath and are currently being held by and under the control of the Louisiana Department of Health and Hospitals (DHH) at the DMORT site in St. Gabriel. As explained below, this office advises that, pursuant to the aforementioned Executive Order, the State Medical Examiner appointed by the Office of Public Health has the authority to exercise control over the disposal of human remains. However, this authority does not negate the necessity of obtaining the appropriate death certificates and burial permits as required by State law and of following all other requirements of State law relating to the rights of the decedent's next of kin to control interment. Further, it is only in the event that parish coroners are unavailable, unidentified, unable, or unwilling to handle the remains and sign the required certificates and permits that the appointed Medical Examiner is empowered to receive, identify, and process human remains and sign the necessary documents for the interment of the bodies.
Pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:721, et seq., Governor Kathleen Babineaux Blanco issued Executive Order No. KBB 2005-39, declaring a state of public health emergency for the purpose of the control and disposition of human remains. According to this Executive Order, DHH is authorized to appoint an Office of Public Health, State Medical Examiner to exercise control over the disposal of human remains of individuals who die in or as a result of Hurricane Katrina and its aftermath. Such appointee is authorized to receive, identify, and process human remains of those who died in cases where coroners who are unable or unwilling to handle the remains themselves. The appointee is additionally *Page 2 
authorized to sign death certificates, burial permits, and cremation permits, but only to the extent that the jurisdictional coroner is unidentified, unavailable, unable or unwilling to sign. This office recommends treating situations where the appointee is unable to identify the parish from which the bodies arriving at the DMORT site are from as equivalent to the inability to identify the coroner. Thus, we advise that in these situations it becomes the State's duty, through the appointed Medical Examiner, to process such bodies and sign all necessary documents required by State law for the interment of human remains.
Under the laws of our State, no dead human body can be interred or cremated until a death certificate and burial permit have been initiated and issued. La. R.S. 40:50-52. In addition to the laws governing certificates and permits required before interment can occur, Louisiana law also contains detailed requirements governing the duties of coroners, including but not limited to, the duty to hold autopsies, view bodies, or make investigations into the cause and manner of death, the time limits for the issuance of a death certificate, the proper procedures to follow in the case of unidentifiable bodies, the statutory requirements for proper autopsy reports, the duty to notify next of kin, and the requirements for delivery of bodies, burial of paupers, and anatomical gifts. La. R.S. 33:1563-1565. To the extent that this letter does not specifically address all requirements of the above cited provisions, this office advises you to refer to these statutes and follow all proper procedures necessary for compliance with State law.
According to La. R.S. 33:1563(A), the coroner is under a duty to either view the body or make an investigation into the cause and manner of death in all cases involving any of the following: (1) bodies found dead; (2) deaths without an attending physician within thirty-six hours prior to the hour of death; and (3) deaths due to drowning or starvation.[1] At his discretion, the coroner may perform or cause to be performed by a competent physician, an autopsy in any case. La. R.S. 33:1563(B)(1). The coroner is also under a duty to furnish a death certificate based on his examination, investigation, or autopsy stating, as best he can, the cause and means of death. La. R.S. 33:1563(E)(1). In addition, pursuant to Louisiana's Vital Statistics Laws, the contents of the death certificate must include the medical certification of the physician last attending to the deceased. La. R.S. 40:34. In the absence of a physician, the parish coroner shall sign the certificate. Id. Once the death certificate has been initiated by the parish coroner, he must file the original with the local registrar. La. R.S. 40:50. Once the death certificate has been filed, La. R.S. 40:52 states that a dead body shall not be interred, cremated, or otherwise disposed of until a burial permit has been issued by a local registrar. Thus, in all cases where the parish coroner can be identified, is available, and is able and willing to sign death certificates, burial permits, and cremation permits, it is the responsibility of the coroner to initiate such documents. *Page 3 
La. R.S. 33:1564 requires that the coroner or his designee make every reasonable effort to notify next of kin in all cases of deaths for which he has jurisdiction in accordance with R.S.33:1563(A). In addition, La. R.S. 8:655 provides that the right to control interment of the remains of a deceased person vests in and devolves upon the deceased's relatives in the named order listed in the statute. Thus, although control over the custody of unclaimed bodies vests with the coroner pursuant to La. R.S.9:1551, the coroner does not have the authority over the interment of the bodies until notice has been given to the next of kin and the relatives are given a reasonable time period in which to claim the body. The statute does not define what constitutes reasonable notice, but we would caution that notice mailed to the last known address of relatives living in parishes of Louisiana which have been devastated by Hurricane Katrina, does not likely qualify as reasonable. In these situations, we would recommend notification be achieved by publication in major national or state journals. If, despite every reasonable effort by the coroner to notify next of kin, the body remains unclaimed, it then becomes the coroner's duty, or in the absence of an identified, willing, and able coroner the appointed state medical examiner's duty, to provide for the interment of the deceased persons. Although there is no process under State law mandating that the coroner or other designated person seek a court order in order to acquire legal control over unidentified, and identified but unclaimed bodies, this office would advise that the spirit of Title 8 of the Louisiana Revised Statutes will be best met, and the State's interests best protected, if such an order nonetheless be obtained. Thus, this office recommends that the official who has jurisdiction over the unidentified, and identified but unclaimed bodies should compile a list of all such bodies and their corresponding identifying tags, and that such list be taken to the District Court in the parish where the bodies are currently being held seeking an order recognizing that in light of the devastation and destruction left behind by Hurricane Katrina and despite the reasonable efforts of the coroners and the appointed medical examiner to comply with the requirements of State law governing the right of disposal of remains, it is necessary that such individual be given authority and control over the interment of the listed decedents.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Yours truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: _______________________________
 Megan K. Terrell
 Assistant Attorney General
[1] La. R.S. 33:1563 includes a list of sixteen situations whereby the coroner is under a duty to view the body or make an investigation into the cause and manner of death. The list provided herein includes the most likely types of situations caused by Hurricane Katrina and is meant only to be illustrative.